ORDERED in the Southern District of Florida on ___07/19/07___.



_Raymond B. Ray, Judge_
United States Bankruptcy Court

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov
Broward Division

In re:                                              Case No. 07-14518-BKC-RBR

PETER L. FRANZESE

and                                                 Chapter 13

MAJORIE P. FRANZESE
    Debtor.
_____/

### ORDER IMPOSING STAY

    THIS MATTER came before the Court for hearing on July 18, 2007, upon the Debtors Emergency Motion to Continue the Automatic Stay (D.E.23). At the hearing counsel for the Debtors appeared as did Counsel for Suntrust Mortgage, which holds a secured position by virtue of its first mortgage on the Debtors homestead. Neither party presented any evidence, as such the Court is only able to rely on the Debtors sworn schedules in the two cases and any other documents amenable to judicial notice.

    The facts of this case are relatively simple. The Debtors filed this case on June 12, 2007, exactly 180 days from the dismissal of their previous chapter 13 case. (06-15283-BKC-JKO). The Debtors are both retired. Mr. Franzese is also a 100% disabled veteran. According to Schedule I, Mr. Franzese makes $5,108.17 per month and Mrs. Franzese makes $828.00. They receive this income from the following sources: (1) Mr. Franzese's Social Security

payment of $1,915.00; (2) Mrs. Franzese's Social Security payment of $828.00; (3) Mr. Franzese's pension payment of $583.17; (4) Mr. Franzese's disability payment of $2,610.00.

The Debtors also own their home. According to the schedules the home is worth approximately $210,000.00. They owe Suntrust Mortgage less then $100,00.00 on the mortgage. Therefore, I find on the basis of the schedules, that Suntrust Mortgage is over secured.

On July 10, 2007, Counsel for the Franzese's filed an Emergency Motion to Continue the Automatic Stay. The motion seeks relief on the basis of 11 U.S.C. §362(c)(3)(B) & (4)(B). Specifically, the motion asks the Court to extend the automatic stay. This motion was set and heard on July 18, 2007. This is 36 days after the filing of the case.

Accordingly, the Court will analyze both §362(c)(4)(B) and §362(c)(3)(B) to see if relief can be grant pursuant to either section. If neither section affords the Debtors relief the Court will then turn to other sections to see if the relief requested can be then be granted.

### §362(c)(4)(B) Is Inapplicable To These Debtors

The argument that §362(c)(4)(B) affords the Debtor an avenue for relief is without merit. In *Ajaka* a debtor with one previous bankruptcy filed for an extension of the automatic stay. Unfortunately, just like the Franzeses, the debtor failed to obtain a hearing date within 30 days of the petition date. He argued that relief could be granted to him under §362(c)(4)(B). The court in *Ajaka* denied granting any relief on these grounds, noting that §362(c)(4) "states quite clearly that it applies only when '*2 or more single or joint cases of the debtor were pending within the previous year but were dismissed.*' Section 362(c)(4) is not available to a debtor who fails to comply with the procedural requirements of §362(c)(3)." See *In re Ajaka*, 2007 Bankr. LEXIS 2126, at *4 (Bankr. N.D. Ga. June 4, 2007)(italics in original). Accordingly, the Court, based on the language of §362(c)(4) and in line with the analysis in *Ajaka*, cannot grant any

relief under §362(c)(4).

### The Debtors Have Failed To Meet the Requirements Of §362(c)(3)(B)

Section 362(c)(3)(B) permits a party to move to continue the automatic stay provided they have had only one previous filing within the last year. There are four requirements that must be met for a debtor to succeed on his motion: (1) he must file a motion requesting the automatic stay continue; (2) there is notice and a hearing on the motion; (3) the hearing is completed within the 30 days of the date of the petition; and (4) the Debtor must prove that the filing of the new case is good faith. *See In re Garrett*, 357 B.R. 128, 130 (Bankr. C.D. Ill. 2006).

It is the third requirement that prevents the Debtors from receiving relief under §362(c)(3)(B). Pursuant to §362(c)(3)(B), the extension of the stay may only be granted "after notice *and a hearing completed before the expiration of the 30 day period...*" 11. U.S.C. §362(c)(3)(B).

In the Franzeses' case there was notice and motion before the expiration of the 30 day period, however, the hearing was held on the 36th day. Therefore by the plain language of the statute this section cannot be used to accord relief to the Debtors. This result has been reached in cases all around the country. *See e.g. In re Ajaka*, 2007 Bankr. LEXIS 2126, at *2 (Bankr. N.D. Ga. June 4, 2007)(Debtor's failure to obtain a hearing date within the 30 days precluded him from any relief under §362(c)(3)); *In re Tubman*, 364 B.R. 574, (Bankr. D. Md. 2007)(Noting that if a party does not obtain a hearing within the 30 day window the stay terminates and §362(c)(3)(B) cannot be used to reimpose it); *In re Garrett*, 357 B.R. 128, 131 (Bankr. C.D. Ill. 2006)(stating that the stay cannot be reimposed under §362(c)(3)(B) if the hearing is not held within 30 days); *In re Whitaker*, 341 B.R. 336 (Bankr. S.D. Ga. 2006)(noting that §362(c)(3)(B) is unavailable to debtors who are unable to have the hearing on their motion within the 30 day period). Accordingly, the Court is precluded by the terms of §362(c)(3)(B) from reimposing the already expired stay.

§105(a) Permits The Court To Impose A Stay

The last remaining possibility is for the issuance of a stay pursuant to §105(a). Section 105(a) is a grant of equitable powers. *See e.g. In re Weinraub,* 361 B.R. 586, 589 (Bankr. S.D. Fla. 2007)(citing to *United States v. Sanford*, 979 F.2d 1511, 1514 (11th Cir. 1992)). Under §105(a) the Court has the authority to " issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11]."

One Court, faced with similar facts as are currently before this Court, used its §105(a) power to impose a stay. In *Whitaker*, the bankruptcy court listed three reasons for using its §105(a) power to instate a stay: (1) the debtors were able to carry their burden of proving good faith by showing a lack of the elements of §362(c)(3)(C); (2) notice of the motion was served on all interested parties and none objected; (3) the inability to obtain a hearing date within the 30 day time frame was caused by the inadvertence of counsel. *See Whitaker* 341 B.R. at 347.

Upon examination of the dictates of good faith under §362(c)(3) the Court finds that debtor has met each one and no presumption of bad faith arises. First, §362(c)(3)(C)(i)(I) is met because the debtors had only one case prior to the instant case. Second, §362(c)(3)(C)(i)(II)(aa) has not been violated because all of the documents have been filed in this case, furthermore the Debtors appeared to have properly and timely filed all documents in their previous case. Third, §362(c)(3)(C)(i)(II)(bb) has not been violated as the Debtors were never ordered to provide adequate protection any creditor. Moreover, the only objecting creditor, who will receive100% payment, is over secured. Fourth, §362(c)(3)(C)(i)(II)(cc) is inapplicable as the Debtor did not fail in the previous case to perform under a "*confirmed* plan". In fact, the case was dismissed before confirmation was possible. Finally, §362(c)(3)(C)(i)(III) the debtor must show a change in circumstances from the previous case. The Debtor has also met this burden by a mere comparison between the monthly statement of income. In the previous case the Debtors had a combined monthly income of $4,419.00. They now show a

combined total monthly income of $5,936.17. This is an increase of slightly over $1,500.00. This is surely sufficient to show a changed financial circumstance.

Turning to the *Whitaker* court's second justification for imposing a stay under §105, the lack of objection by creditors. In this case there has been an objection raised to the imposition of the stay by Suntrust Mortgage. However, Suntrust is over secured and is proposed to be paid 100% under the Debtor's latest plan. Therefore, they will not be prejudiced by the Debtors remaining in Chapter 13. Accordingly, the lack of prejudice to Suntrust mortgage, causes the Court to severely discount their objection.

The third *Whitaker* factor was the inadvertence of counsel. I agree with the *Whitaker* court's observation that making a party suffer because of the inadvertence of counsel is inequitable. *See Whitaker* 341 B.R. at 347 (noting that §362(c)(3)(C)(i)(II(aa) indicates "that negligence by the debtors attorney does not require substantial excuse by the party seeking to establish the good faith of a repeat filing"). This is especially so in the Franzese's case where the Motion to continue the stay was filed a mere two days before the 30 day deadline expired, making it almost impossible for the Court to schedule a hearing within the required time period.

Accordingly, I find that none of the indicators of bad faith as dictated by §362(c)(3)(C) are present in this case, and had the motion been heard during the 30 day period the motion would have been granted. Furthermore, I find that the other two justifications listed in *Whitaker* for using §105(a) to impose a stay also militate in favor of the Debtors. Therefore, based on the good faith of the debtors, the lack of objection by an impaired party, the inadvertence of counsel, and the high likelihood of success of their chapter 13 plan; I find that imposing a stay, identical to the one described in §362(a), is in the best interests of justice and is necessary for the Debtors to be allowed to reorganize their affairs, keep their home, and pay off their secured lender in full.

As a final note the Court will take a moment to comment on some of the more troubling

parts of §362(c). I find it completely nonsensical that a debtor with only one previous filing is required to have a hearing on their motion within 30 days of the petition date, whereas a debtor with two or more filings need only make the request within 30 days of the filing but the hearing can be held anytime thereafter. *Compare* 11 U.S.C. §362(c)(3)(B) *with* 11 U.S.C.§362(c)(4)(B).

The court in *Whitaker* added extensive comment, entirely in dicta, on the constitutionality of the §362(c)(3). *See Whitaker* 341 B.R. at 339. The suggestion made there is that the 30 day time limit, not just for filing a motion, but for securing a hearing may violate constitutional due process. *See i.d.* at 339.

The court in *Whitaker* also raised an equal protection argument. The court suggested that a 2 time repeat filer has the ability to impose the automatic stay, yet a single repeat filer has no such procedure. *See id.* at 339. There the court could not find a rational basis for this disparate treatment between debtors. *See id.*

Along these lines, it becomes evident that a shrewd attorney may consider dismissing a second case if the 30 day deadline cannot be met and refiling a third case. If such dismissal was not viewed as being in bad faith, then the imposing the automatic stay pursuant to §362(c)(4)(B) appears to be somewhat easier, at least in terms of deadlines, then for a person moving under §362(c)(3)(B). Of course this approach is not without its own dangers and drawbacks.

Finally, Professor Chemerinsky has suggested that the strict time lines found in the 2005 amendments may prevent bankruptcy courts from providing careful consideration that due process requires. *See* Erwin Chemerinsky, *Constitutional Issues Posed in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005*, 79 AM. BANKR. L.J. 571, 601-02 (2005). The 30 day window in §362(c)(3)(B) coupled with the requirement that a hearing be held within the window rushes the parties. The debtors and creditors are rushed to gather the required evidence. The Court is forced into rushing to conduct a hearing and given scheduling

constraints having a full blown evidentiary hearing may not be feasible because of the difficulty of scheduling such hearings on such short notice. However, none of these constitutional issues are currently before the Court and as such they do not provide any basis for relief. Accordingly, it is hereby,

**ORDERED** that the Motion for Continuance of the Automatic Stay is **DENIED**, as the Court cannot resurrect an expired stay. However, the Court will **IMPOSE** a stay identical to §362(a) pursuant to §105(a).

###

Clerk shall furnish copies to:

Assistant United States Trustee
Robin Weiner, Trustee
Robert Biggie, Esq.
All creditors.